J. A. COUCH ET ALS. V. O. M. PARKER.

(No. 2749, Op. Book No. 4, p. —.)

APPEAL from Coleman County. Opinion by WHITE, P. J.

§ 436. *Contract, verbal, with regard to management of a stock of cattle on shares; limitation and estoppel.* Suit was brought by Parker for his interest in a stock of cattle which he claimed was placed in his possession and management under a verbal contract by which he was to

control the stock for one year, and for his services receive a stated interest in kind in the cattle and their increase, and that if, at the expiration of the first year, he desired to continue the employment upon the same terms, he might do so, and the contract could, at his option, continue as long as three years. He kept the cattle for one year and up to the 1st day of May of the second year, when, as he alleges, appellants, in violation of the contract, sold the entire stock, appropriated, failed and refused to account to him for his interest, which, he avers, was so many head in kind of the different grades of cattle on hand and the prospective increase of the cattle which might be produced within the three years.

The contract, being verbal, was, in law, binding only for one year; but if, after the expiration of the first year, the parties permitted him to go on in pursuance of its terms, they would be estopped from denying his rights under it, at least up to the time when, by their own acts, it was terminated.

**437.** *Speculative and hypothetical profits.* On the trial plaintiff was permitted to prove what he believed and supposed his interest in the stock would have been up to the date of the trial, including what his interest would have been in the increase or calves that the heifers might have produced up to that time. Such speculative, imaginary and hypothetical profits are too remote to be the basis of a legitimate claim. [Still v. Paschal, 41 Tex. 640; De La Zerda v. Korn, 25 Tex. Sup. 188.]

§ **438.** *Counterclaim; evidence of.* Evidence is not admissible in proof of a counterclaim where it appears upon the face of such claim that it did not grow out of, was incident to, nor connected with, plaintiff's cause of action. [Rev. Stats. art. 650.]

June 2, 1883.                     Reversed and remanded.